### STATE v. FRANK MINCK.[1]

December 30, 1904.

Nos. 14,042—(23).

**Indictment.**

> An indictment for grand larceny in the second degree, charging the theft from a building in the daytime of certain described property owned by A. of the value of $10, is sufficient where the building is fully described, but the name of the owner omitted.

**Verdict.**

> *Held*, upon the consideration of the whole record, that the verdict of the jury finding the defendant guilty of the charge made in the indictment is supported by the evidence.

**Evidence.**

> Certain rulings of the trial court in the admission or exclusion of evidence considered. *Held*, the court either did not err, or that the evidence admitted was not prejudicial to defendant.

Defendant was convicted in the district court for Winona county of the crime of grand larceny in the second degree, and sentenced to confinement in the state prison for one year and two months. From the judgment of conviction, and from an order, Snow, J., denying a motion for a new trial, defendant appealed. Order and judgment affirmed.

*Henry M. Lamberton,* for appellant.

*W. J. Donahower,* Attorney General, and *George T. Simpson,* County Attorney, for the State.

DOUGLAS, J.

Defendant appeals from an order overruling his motion for a new trial, and from the judgment of the court in a proceeding which resulted in his conviction of grand larceny in the second degree. He was accused by the indictment of stealing ten sacks of cement of a specified value from a frame building known as the "Diamond Jo Dock," which cement was owned by the Winona Railway & Light Company, a cor-

[1] Reported 102 N. W. 207.

poration. The sufficiency of the indictment is challenged for the reason that the name of the owner of the building was not alleged. We are of the opinion this was unnecessary. The building from which the property was alleged to have been stolen was sufficiently described to apprise defendant of the charge and enable him to prepare his defense.

It appears from the evidence that two consignments of Portland cement, the property of the Winona Railway & Light Company, were placed in said warehouse for storage in June and September, 1903. The first consignment was delivered to the owner in September, but the sacks were not counted, and whether the exact amount was redelivered is uncertain. The other consignment was redelivered in the fall and winter of 1903. It also clearly appears the defendant was an employée about the warehouse, and engaged in the drayage business, and sold ten sacks of this brand of cement, and delivered it from said building November 19, 1903. Evidence was offered tending to show that when first confronted with the charge the defendant denied that he sold any cement, and that later he stated he found ten sacks of cement upon the warehouse platform during the summer of 1903, placed it apart in the warehouse, and shortly thereafter removed it to another portion of the building directly above the office; that he did not know who owned it, and never made inquiry to ascertain the fact. No other cement was stored therein. As a defense to the charge the defendant offered evidence tending to show a redelivery to the Winona Railway & Light Company of its cement, and the sale by defendant of ten sacks so found, the ownership of which was unknown. Evidence was also offered by the state tending to show that the said ten sacks were not present in the warehouse, either on the lower floor or above the office, at the times asserted by defendant.

From a careful examination of the record, we are of the opinion the evidence originally offered was sufficient to establish prima facie the guilt of defendant, and that the court did not err in overruling his motion to dismiss at the close of the state's case; also that the evidence as a whole supports the verdict of the jury.

The admission and exclusion of certain evidence is in many particulars assigned as error. We are of the opinion that the court in each

instance did not err, or that the evidence admitted was not prejudicial to the defendant. The rulings complained of may be grouped as follows:

1. The manager of said railway company was asked:

> Would you say that any cement was ever stolen from the Winona Railway & Light Company there on November 19th or any other time?

This question was too general, and also called for the conclusion of the witness.

2. The court admitted evidence tending to show that the defendant offered to sell certain cement sacks. In our judgment, although error, such ruling was not prejudicial.

3. The father of defendant testified on behalf of the state to the storage of cement by the Winona Railway & Light Company in said warehouse. Upon cross-examination the court permitted him to state that there were ten other sacks of cement therein at the time, but sustained an objection to the question as to what became of it. The witness was called by the defendant at a later stage in the trial and testified fully as to what became of the cement. Therefore it becomes immaterial for us to inquire whether the court erred in excluding the answer originally. The defendant was not prejudiced.

4. Neither did the court err in sustaining an objection to the following question addressed to defendant:

> Did you ever take or ever steal any cement or anything else belonging to the Winona Railway & Light Company?

The form of question was immediately changed at the suggestion of the court, and the defendant permitted to testify fully as to the entire subject.

Other errors assigned have been carefully examined, and we are of the opinion the court did not err in its rulings.

Both the order and judgment appealed from are affirmed.